UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CARL DIXON,

        Plaintiff,                      Case No. 1:22-cv-557

v.                                          Honorable Paul L. Maloney

WILLIAM A. FORSYTH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. Plaintiff's motion for the appointment of counsel (ECF No. 3) will be denied.

## Discussion

**I.**        **Motion for the Appointment of Counsel**

Plaintiff has filed a motion requesting the appointment of counsel. (ECF No. 3.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v.*

*Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's motion for the appointment of counsel (ECF No. 3) therefore will be denied.

**II.     Factual Allegations & Analysis**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains, however, relate to his criminal prosecution. Plaintiff sues former Kent County Prosecutor William A. Forsyth, present Kent County Prosecutor Christopher Becker, Assistant Kent County Prosecutor Robin D. Eslinger, and FOIA Coordinator Brandy Johnson.

Plaintiff is presently serving a consecutive string of sentences relating to convictions from the Kent and Saginaw County Circuit Courts. His present complaint relates to his most recent convictions, during 2009, for first-degree home invasion in two Kent County Circuit Court cases. On October 29, 2009, the Kent County Circuit Court sentenced Plaintiff to 25 to 75 years' imprisonment for each conviction. By way of his present suit, Plaintiff asks the Court to declare that Defendants withheld material exculpatory evidence in connection with those prosecutions, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

This is not the first time Plaintiff has raised these arguments. He raised them by way of a successive motion for relief from judgment in the Kent County Circuit Court. *People v. Dixon*, Nos. 09-03241-FH, 09-13242-FH (Kent. Cnty. Cir. Ct. Dec. 19, 2016). The trial court denied relief and the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.[1] Plaintiff sought leave to raise the issues in the federal district court by motion in the Sixth Circuit Court of Appeals. That court denied Petitioner's motion for authorization by order entered March 9, 2018. *In re Carl Dixon*, No. 17-2477 (6th Cir. Mar. 9, 2018).

Plaintiff's present complaint is an attempted "end-run" around the Sixth Circuit's denial of authorization. *See, e.g.*, *Foster v. Kassulke*, 898 F.2d 1144, 1148 (6th Cir. 1990) ("Section 1983 should not be used to make an end run around habeas corpus procedures."); *Alley v. Bell*, 178 F. App'x 538, 543 (6th Cir. 2006) ("[W]e acknowledge the possibility that this could be considered as authorizing an end-run around the requirements of the [Anti-terrorism and Effective Death Penalty Act], 28 U.S.C. § 2244(b)(3)(E), which mandates denial of 'authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.'").

A direct challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of

---

[1] The order denying relief is available as part of Plaintiff's submission to the Sixth Circuit Court of Appeals seeking leave to pursue a second or successive habeas corpus application relating to the first-degree home invasion convictions. Mot., *In re Carl Dixon*, No. 17-2477 (6th Cir. Dec. 12, 2017) (Doc. 1-1, Page 115–116). The court of appeals' denial of leave is also part of Plaintiff's motion papers. *Id.* (Page 114). The Michigan Supreme Court denial is available at *People v. Dixon*, 903 N.W.2d 566 (Mich. 2017).

3

the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint directly challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (holding that dismissal is appropriate where a § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23–24 (7th Cir. 1997) (discussing that the reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). But Plaintiff specifically disclaims that he is challenging his sentence or his conviction. (Compl., ECF No. 1, PageID.9) ("Plaintiff states he's not litigating his sentence o[r] his conviction. He['s] litigating the withh[e]ld Central Material, Exculpatory and Impeached Evidence in the Prosecutor's Office['s] control and custody.").

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL

246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (discussing that a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

## Conclusion

Plaintiff's motion for the appointment of counsel (ECF No. 3) will be denied. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g). It is Plaintiff's third such dismissal. *See Dixon v. Foster*, No. 1:11-cv-619 (W.D. Mich. Aug. 2, 2011) ("This is a dismissal as described by 28 U.S.C. § 1915(g)."); *Dixon v. Trombley*, No. 2:08-cv-14496 (E.D. Mich. Oct. 28, 2008) ("Plaintiff's complaint is subject to dismissal because he challenges his criminal convictions

arising from the 1999 incident and related imprisonment – which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.").

      An order and judgment consistent with this opinion will be entered.


Dated:   August 9, 2022                    /s/ Paul L. Maloney
                                                                     Paul L. Maloney
                                                                      United States District Judge